Matter of Seth (2019 NY Slip Op 06847)





Matter of Seth


2019 NY Slip Op 06847


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

PM-145-19

[*1]In the Matter of Divya Seth, a Resigned Attorney. (Attorney Registration No. 5572185)

Calendar Date: September 9, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Divya Seth, Woodbridge, New Jersey, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Divya Seth was admitted to practice by this Court in January 2018, but resigned for nondisciplinary reasons by leave of this Court three months later (160 AD3d 1197 [2018]). Seth was previously admitted to practice in India, where she remains in good standing. Seth now applies for reinstatement to the practice of law in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) raises no objection to Seth's reinstatement and advises that it defers to this Court's discretion.Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (b), an attorney seeking reinstatement following nondisciplinary resignation must make his or her application by standardized form affidavit as provided in appendix F to those rules and provide notice of the application to AGC (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). An applicant "should establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Weiss, 166 AD3d 1159, 1160 [2018]; see Matter of Gaudioso, 159 AD3d 1217, 1218 [2018]).
Here, we find that Seth has properly completed the required form affidavit, which raises no concerns about her character and fitness to resume the practice of law in this state. Further, Seth provides proof that she has remained current with developments in the law by completing 65.5 credits of continuing legal education since her resignation, which, in turn, would potentially satisfy her attorney registration requirements in this jurisdiction were she to be reinstated (see generally Rules of App Div, All Depts [22 NYCRR] § 1500.22). Accordingly, having determined that Seth has the required legal training and the necessary character and fitness, we grant her application and restore her name to the roll of attorneys and counselors-at-law, effective immediately (see Matter of Rosales, 174 AD3d 1280, 1281 [2019]; Matter of Gaudioso, 159 AD3d at 1218).
Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that Divya Seth's application for reinstatement is granted; and
it is further
ORDERED that Divya Seth's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

ORDERED that Divya Seth shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.